**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**BRADLEY WAYNE SOUTH**                                                                                                    **PLAINTIFF**

**v.**                                                                                       **CIVIL ACTION NO. 5:14-cv-30-MTP**

**GABRIEL WALKER, et al.**                                                                                              **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the Court on October 7, 2014. Plaintiff Bradley Wayne South appeared *pro se*. Steven Griffin appeared on behalf of Defendants Gabriel Walker, Frank Shaw and Nicole VanNorman.[1] The Court scheduled the hearing for the combined purposes of conducting a *Spears*[2] hearing, case management hearing and discovery conference. The Court's purpose in conducting the hearing was to ensure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. Having considered the issues, the undersigned finds and orders as follows:

**JURISDICTION AND SUMMARY OF CLAIMS**

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. South was incarcerated at the Wilkinson County Correctional Facility ("WCCF") at the time of the alleged events. He is currently incarcerated at Southern Mississippi Correctional Institution ("SMCI"). South's claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing.[3] Therefore, only

---

[1] The Defendants previously known as Unknown Walker and Unknown VanNorman were identified at the omnibus hearing as Gabriel Walker and Nicole VanNorman.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)

[3] *See Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010) (stating that allegations made at a *Spears* hearing supercede claims alleged in the complaint).

the following claims remain before the Court and no further amendments will be allowed absent a showing of good cause. Plaintiff's claims are identified and summarized as follows:

**Failure to Protect**

South alleges that following an altercation with other inmates on November 6, 2013, he was placed in a holding cell by WCCF Officer Gabriel Walker for his own protection. South alleges that on November 11, 2013, Walker put another inmate, Raymond Edwards, into South's holding cell. South alleges that Edwards is well-known for violent outbursts, and has a history of attacking other inmates as well as mental instability. Edwards was not, however, one of the inmates that attacked South on November 6. South testified that he had never spoken to Edwards until they were placed in the same cell on November 11. South alleges that on the morning of November 12, Edwards stabbed South in the back of the head as he slept. South alleges that Defendant Walker was aware of the danger Edwards posed, and failed to protect South by putting Edwards into the cell. While South has not indicated that there is any evidence supporting the fact that Defendant Walker knew of Edwards's dangerous tendencies, the Court concludes that South has at least stated a claim regarding Walker's failure to protect him.

**Medical Claim**

South alleges that following the attack from Edwards on November 12, he went to the medical department in order to seek treatment for his injuries. South alleges that Dr. Burton, who worked at WCCF, gave him stitches for his stab wound and then sent him back to his cell. South alleges that he was in a great deal of pain, as his stitches frequently caught on his sheets and pillows. South alleges that he made multiple sick calls requesting pain medication and a bandage for his stitches, but that all the requests went unanswered. In sum, South alleges that Dr. Burton was deliberately indifferent to his medical needs.

**RELIEF SOUGHT**

South seeks monetary damages in the amount of $100,000.

**MOTIONS DEADLINE**

The deadline for filing motions (other for motions *in limine*) is December 15, 2014.

**DISCOVERY ISSUES**

The Court considered and addressed discovery issues at the hearing. Defendants are directed to provide the name and work address for Dr. Burton so that he may be added as a defendant to this action. If Dr. Burton is no longer employed at WCCF, Defendant shall provide his last known home address, but shall file the same under seal. Defendants are also directed to provide all Administrative Relief Program ("ARP") grievances relevant to South's failure to protect claim and medical claim, any incident reports for the November 12, 2013 attack, South's institutional file, and any medical files relevant to treatment South received at WCCF following the attack on November 12, 2013.[4] Defendants shall produce the information above within thirty days, and shall file a notice of service of their discovery productions.

The discovery allowed herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. Pro. 26(b)(1). The parties shall not propound additional discovery requests unless leave of court is requested and obtained.

**OTHER ISSUES**

**Claims Against Defendant Frank Shaw**

South alleges that Defendant Shaw failed to protect him from the November 12 attack, and

---

[4]The Court notes that Defendants submitted records at the hearing, including several ARPs, South's medical file and his institutional record.

is also liable for failure to supervise and train his staff. These claims will be dismissed in a separate Opinion and Order.

**Claims Against Nicole VanNorman**

South alleges that Defendant VanNorman is liable because she did not place "red tags," a method by which dangerous inmates are separated, on two of the inmates that attacked South on November 6. This claim will be dismissed in a separate Opinion and Order.

**Claims against Unknown Unit Manager**

South alleges that an Unknown Unit Manager made verbal threats to him, called him names and threatened to place him back into a unit with inmates he feared after he reported the November 6 attack. Any claims against the Unit Manager will be dismissed in a separate Opinion and Order.

SO ORDERED this the 8th day of October, 2014.

s/ Michael T. Parker
United States Magistrate Judge