**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**BRADLEY WAYNE SOUTH**                                                            **PLAINTIFF**

**v.**                                                                **CIVIL ACTION No. 5:14cv30-MTP**

**GABRIEL WALKER, et al.**                                               **DEFENDANTS**

**OPINION AND ORDER**

THIS MATTER is before the Court following the Court's findings at the omnibus hearing in this case. Having considered Plaintiff's claims, the Court finds that (1) Plaintiff's allegations against Defendant Frank Shaw should be dismissed; (2) Plaintiff's allegation against Nicole VanNorman should be dismissed; and (3) Plaintiff's allegations against an Unknown Unit Manager should be dismissed.

**BACKGROUND**

On April 4, 2014, Plaintiff Bradley Wayne South, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Southern Mississippi Correctional Institution ("SMCI"). South's claims arose from alleged events that took place while he was an inmate at Wilkinson County Correctional Facility ("WCCF"). South's claims relate to two separate attacks from other inmates and his resulting injuries. The parties appeared and participated in an omnibus hearing before the Court on October 7, 2014. Plaintiff appeared *pro se*. Steven Griffin appeared on behalf of Defendants Gabriel Walker, Frank Shaw and Nicole VanNorman.

1

## ANALYSIS

**Claims Against Defendant Frank Shaw**

South alleges that Defendant Shaw, in his supervisory role as Warden of WCCF, failed to protect South from a November 12, 2013 attack by a fellow inmate. South alleges that the inmate had a well-known history of violence, and had been placed in South's cell by another defendant to this action, Gabriel Walker. South also alleges that Shaw failed to adequate train and supervise his staff, which resulted in the attack. South does not allege that Defendant Shaw was personally involved in any decision that put South and his attacker in close proximity.

There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303-4 (5th Cir. 1987). To survive the initial screening process, a prisoner must allege that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). In order to act with deliberate indifference, "the [defendant] must both be aware of the facts from which the inference could be drawn and that a substantial risk of serious harm exists, and he must also draw the inference." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837). Negligently failing to protect a detainee does not amount to a constitutional violation. *Dilworth v. Box*, 53 F.3d 1281, 1005 WL 295885, at *3 (5th Cir. Apr. 20, 1995). Here, South does not allege that Defendant Shaw was aware of the fact that the inmate placed with South had a history for violence, or that he even knew or had reason to know that South was being placed in another cell. Thus, he has not alleged a cognizable claim of deliberate indifference.

As for the failure to supervise claim, a prisoner must allege (1) the supervisor either failed

to supervise the subordinate officials; (2) a causal link exists between the failure to train and the violation of the plaintiff's rights; and (3) the failure to supervise amounts to deliberate indifference. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (*quoting Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). In order to establish deliberate indifference in a Section 1983 action for failure to supervise, a plaintiff must demonstrate a pattern of violations and that the inadequacy of supervision is obvious and likely to result in a constitutional violation. *Id*. Supervisory liability can also exist if the supervisory official implements a policy so deficient that the policy itself is a repudiation of constitutional rights. *Thompkins*, 828 F.2d at 304. Here, South has not alleged that Shaw was personally involved in the alleged incident, that there is any causal link between Shaw's failure to train and any violation of South's rights, or that this failure amounted to deliberate indifference. He has also failed to allege that Shaw has implemented any policy that resulted in a deprivation of South's rights.

For these reasons, South has failed to state a claim against Defendant Shaw, and any claims against him are dismissed.

**Claims Against Nicole VanNorman**

South alleges that after he was attacked by a group of inmates on November 6, 2013, he went to WCCF case manager Nicole VanNorman in order to procure "red tags" for his attackers. Red tags are part of a method by which WCCF separates inmates who pose a danger to one another. South alleges that although VanNorman processed his requests, red tags were not issued to all his attackers, and that this put him at risk. South does not allege that he was attacked a second time by any of the inmates that were not issued a red tag.

South attempts to allege a failure to protect claim but he has suffered no injury as a result of

the alleged failure. Accordingly, any claims against Defendant VanNorman shall be dismissed.

**Claims Against Unknown Unit Manager**

South alleges that after his encounter with Defendant VanNorman, he went to an unidentified Unit Manager to ensure that he was separated from his attackers. South alleges that the Unit Manager threatened him and called him names, and refused to listen to his claims or separate South for his own safety. Plaintiff alleges that the Unit Manager insisted that he return to his housing unit, but that Plaintiff refused to do so out of fear. When Plaintiff refused the Unit Manager's commands he was placed in a separate holding cell.

The United States Court of Appeals for the Fifth Circuit has held that "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Moreover, the Unit Manager's unsuccessful attempts to return South to his cell do not constitute cognizable claims. Thus, South has failed to state a claim against the Unit Manager, and all claims concerning threats, bad language or cursing will be dismissed.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's claims against Defendant Frank Shaw are dismissed with prejudice.

2. Plaintiff's claim against Defendant Nicole VanNorman is dismissed with prejudice.

3. Plaintiff's claims against an Unknown WCCF Unit Manager are dismissed with prejudice.

SO ORDERED, this the 8th day of October, 2014.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge