## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**BRADLEY WAYNE SOUTH**                                                 **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 5:14cv30-MTP**

**MAJOR UNKNOWN WALKER &**
**DR. JAMES BURKE**                                                      **DEFENDANTS**

### OPINION AND ORDER

THIS MATTER is before the Court on the Motion to Dismiss [37] filed by Defendant James Burke. The Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] on or about March 25, 2014. Based on the record in this case and the applicable law, the Court finds that this action should be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss a cause of action for the plaintiff's failure to prosecute or comply with any order of the court. The Court may also "dismiss an action *sua sponte* under Rule 41(b) for failure to comply with a court order or whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962).

Moreover, the Plaintiff–incarcerated or not–has an obligation to inform the Court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." U. L. Civ. R. 11.1; *see also Wade v. Farmers Ins. Group,* No. 01-20805, 2002 WL 1868133, at *1, n.12 (5th Cir. June 26, 2002) (affirming district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address"). This burden may not be shifted from the Plaintiff, as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses

on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Ainsworth v. Payne,* No. 1:05cv297LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. October 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)). As set forth below, this case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

On April 29, 2015, Defendant Burke filed the instant motion to dismiss, stating that he had sent Plaintiff a copy of a recent pleading in this matter, but that the communication was returned to him with the notations "Returned to Sender" and "Unable to Forward." *See* Motion [37]. Defendant Burke also asserts that he has learned from the inmate locator office at SMCI that Plaintiff was released from custody in November 2014.

The Court issued a show cause order [38] to the Plaintiff on May 18, 2015, directing him to show cause in writing on or before June 1, 2015, why this case should not be dismissed or to confirm his current address by filing an appropriate notice with the Court. The Plaintiff did not respond. The Court issued a final show cause order [39] to the Plaintiff on June 9, 2015, again directing him to show cause in writing or to confirm his current address by June 22, 2015. *See* Order [39]. This deadline has now expired, and Plaintiff has failed to respond to the Court's orders.

With its clear record of delay, this case may properly be dismissed under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995). The Plaintiff has not notified the Court of a recent change of address, although he has been warned several times that a failure to do so could result in the dismissal of this matter. *See* Orders [3] [4] [8]

[11] [13] [18] [38] [39]. Plaintiff also has not inquired as to the status of his case[1] or otherwise communicated with the Court since his appearance at the omnibus hearing held on October 7, 2014. *See* Omnibus Order [23]. From this it appears that Plaintiff has lost interest in proceeding with this action and has abandoned it.

As Plaintiff has failed in his obligation to prosecute his case and to comply with the Court's orders, the Court finds that Defendant's Motion [37] should be granted, and that this action should be dismissed.

IT IS, THEREFORE, ORDERED:

1. That the Motion to Dismiss [37] filed by Defendant James Burke is GRANTED. That this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be entered.

SO ORDERED this the 1st of June, 2015.

s/ Michael T. Parker
United States Magistrate Judge

---

[1] *See Ainsworth v. Payne*, No. 1:05cv297-LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. Oct. 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)) ("In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquires.  Address changes normally would be reflected by those inquiries if made in writing.")